UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-CR-0100-01-CVE |
| | ) (Civil No. 23-CV-0430-CVE-MTS) |
| IBANGA ETUK, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is defendant Ibanga Etuk's motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255 (Dkt. # 316). Defendant argues that a summons for him to appear for a pretrial hearing, following a violation of his pretrial release, was defective and therefore insufficient to confer jurisdiction over him. He argues that his attorney, G. Steven Stidham, was ineffective for failing to raise this "defective summons" argument during pretrial and plea proceedings.

On October 7, 2020, a federal grand jury indicted defendant and others on multiple charges of bank fraud and identity theft arising out of their scheme to fraudulently procure Paycheck Protection Program (PPP) loans for falsely-created businesses. Dkt. # 46. Defendant was originally released on bond pending trial, but his pretrial release was revoked after he continued to engage in conduct similar to the charged offenses. Dkt. # 64. Defendant ultimately pled guilty pursuant to a plea agreement to one count of bank fraud under 18 U.S.C. § 1344(2) and one count of aggravated identity theft under 18 U.S.C. § 1028A, in exchange for dismissal of the remaining charges. Dkt. # 104. A magistrate judge accepted defendant's guilty plea (Dkt. # 100), and this Court sentenced him to a term of imprisonment of forty-eight months. Dkt. # 148. Defendant attempted to appeal

on August 16, 2021 (Dkt. # 152), but the Tenth Circuit dismissed that proceeding based on the appeal waiver in his plea agreement (Dkt. # 194). After dismissal of his appeal, defendant filed a timely motion to vacate, set aside, or correct sentence under § 2255 (Dkt. #209), and his motion was denied (Dkt. # 285). Defendant then sought a certificate of appealability (COA), which the Tenth Circuit denied (Dkt. # 315) on September 18, 2023.

Defendant has now filed another § 2255 motion challenging his conviction due to a "jurisdictional defect" at the pretrial hearing that occurred on January 25, 2021 (Dkt. # 72). However, because defendant has already filed a § 2255 motion (Dkt. # 209), his current motion (Dkt. # 316) must be treated as a second or successive § 2255 motion. A second or successive motion under § 2255 is permitted only in two circumstances:

> (1) newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). This Court lacks jurisdiction to consider a second or successive § 2255 motion, because defendant must request permission from the Tenth Circuit to file the motion. See 28 U.S.C. § 2255(h); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002).

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujilo v. Williams, 456 F.3d 1210, 1223 n.16 (10th Cir. 2006), the

Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251.  "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." Id. at 1252 (citing Philips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases).  The Court has reviewed defendant's motion (Dkt. # 316) and finds that there is no risk that a meritorious claim will be lost absent transfer to the Tenth Circuit.  Defendant has not alleged any newly discovered evidence or new rules of constitutional law that would permit the filing of a second or successive § 2255 motion.  Moreover, the Tenth Circuit reaffirmed in their recent order denying COA that this "district court should not have reached the merits . . . of the pretrial detention [hearing] . . . because § 2255 does not authorize any relief that would remedy Etuk's allegedly wrongful pretrial detention." Dkt. # 315, at 4.

Even though the Court lacks jurisdiction over defendant's motion, the Tenth Circuit has directed district courts to consider whether a COA should be issued when a second or successive § 2255 motion is dismissed.  See United States v. Harper, 545 F.3d 1230, 1233 (10th Cir. 2008).  Pursuant to 28 U.S.C. § 2253, a defendant is required to obtain a COA before appealing a final order in a proceeding under § 2255. Section 2253(c) instructs that the court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing."  A defendant can satisfy that

3

standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). After considering the record in this case, the Court concludes that a COA should not issue because defendant has not made a substantial showing of the denial of a constitutional right. The Court also does not find that the issues raised by defendant are debatable among jurists or that the Tenth Circuit would resolve the issues differently.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Dkt. # 316) is **dismissed for lack of jurisdiction**. A separate judgment is entered herewith.

**DATED** this 10th day of October, 2023.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE